IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UTAH COUNTY RECORDER, and MATTHEW CLARK HOBBY, <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> LEXINGTON MORTGAGE, INC., and MORTGAGE ELECTRONIC REGISTRATION SERVICE, and FLAGSTAR BANK, FSB, and COUNTRYWIDE HOME LOANS, INC. agent for COUNTYWIDE BANK, FSB Now Known As BANK OF AMERICA, N.A., and RECONTRUST COMPANY N.A., and BAC HOME LOANS SERVICING L.P., and HORIZON TITLE INSURANCE AGENCY, and MATHESON MORTENSON OLSEN JEPPSON P.C. and JOHN DOES 1 THROUGH 999, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING THE BAC DEFENDANTS' MOTION TO DISMISS <br><br><br><br><br> Case No. 2:11-CV-528 TS |

This matter is before the Court on Defendants Mortgage Electronic Registration Systems,

Inc. ("MERS"), Countrywide Home Loans, Inc. ("Countrywide"), ReconTrust Company N.A.

1

("ReconTrust"), and BAC Home Loans Servicing L.P.'s ("BAC") (hereinafter referred to collectively as the "BAC Defendants") Motion to Dismiss Plaintiff's Complaint.[1]  For the reasons discussed more fully below, the Court will grant the BAC Defendants' Motion.

## I.  BACKGROUND

### A.    PROCEDURAL HISTORY

Plaintiff filed his Complaint in this matter on June 9, 2011.  On June 28, 2011, Lexington Mortgage, Inc. filed a motion to dismiss.  Shortly thereafter, on June 30, 2011, the BAC Defendants filed the instant Motion.[2]  Plaintiff failed to respond to the BAC Defendants' Motion to Dismiss.  On January 12, 2012, this Court entered an order granting Lexington Mortgage, Inc.'s Motion to Dismiss.[3]  Pursuant to the same Order, the Court granted Plaintiff an additional fourteen days to file a response to the BAC Defendant's Motion to Dismiss.  To date, Plaintiff has failed to respond to the BAC Defendants' Motion.

---

[1] Docket No. 10.

[2] Defendant Matheson, Mortenson, Olsen & Jeppson, P.C. subsequently joined in the BAC Defendant's Motion to Dismiss. *See* Docket Nos. 34 & 38.

[3] *See id.*

B.    FACTUAL BACKGROUND

This action involves the refinance by Plaintiff of real property located in Orem, Utah.[4] On July 9, 2003, Plaintiff received a refinance loan from Lexington in the amount of $100,000. The loan amount was secured by a deed of trust (the "Deed of Trust").[5]

On January 25, 2011, a corporate assignment of Deed of Trust was recorded by MERS, whereby MERS assigned the beneficial interest under the Deed of Trust to BAC Home Loans Servicing, L.P. On the same day, ReconTrust was substituted as trustee under the Deed of Trust and on January 26, 2011, ReconTrust recorded a notice of default against the property. A trustee's sale was subsequently held and the property was sold to Federal National Mortgage Association on May 31, 2011.

Plaintiff alleges numerous failures and violations of federal statutes on the part of the Defendants. Plaintiff asserts that because of these violations he is entitled to an award of $1,883,724.00 in damages and clear title to the Orem property.

## II. STANDARD OF REVIEW

In examining a 12(b)(6) motion, the United States Supreme Court in *Bell Atlantic Corporation v. Twombly*,[6] stated that a plaintiff must provide "enough facts to state a claim to

---

[4]As a preliminary matter, this Court would note that the Utah County Recorder appears to be incorrectly named as a plaintiff in this matter. The Utah County Recorder is not represented in this action and appears to have been mistakenly named as a plaintiff by Mr. Hobby. All further references to Plaintiff in this order should be understood to refer only to Mr. Hobby.

[5]*See* Docket No. 12 Ex. 1.

[6]550 U.S. 544 (2007).

relief that is plausible on its face."[7] This requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[8] The Court in *Twombly* also pointed out that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9]

"Plaintiff is proceeding pro se and, as a result, the [C]ourt construes his pleadings liberally and holds his pleadings to less stringent standards than formal pleadings drafted by lawyers."[10] However, as a pro se litigant, Plaintiff must still "follow the same rules of procedure that govern other litigants."[11] Additionally, a broad reading of a pro se litigant's complaint does not relieve him of alleging sufficient facts upon which a recognized legal claim can be based.[12]

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give

---

[7] *Id.* at 547.

[8] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[9] *Twombly*, 550 U.S. at 555 (internal punctuation omitted) (citations omitted).

[10] *Bryner v. Bryner*, 2009 WL 2920376, at *3 (D. Utah Sept. 11, 2009) (citing *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[11] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[12] *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.1996) (internal quotation marks and citation omitted).

him an opportunity to amend."[13]  "In determining whether a dismissal is proper, [the court] must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[14]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[15]  Thus,

> notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, "[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[16]

### III.  DISCUSSION

The BAC Defendants assert that Plaintiff's Complaint fails to state a claim against the BAC Defendants as a matter of law.  The Court will address each of Plaintiff's claims applying the standard provided above.

A.   RESPA

For the same reasons provided in the Order entered in this case January 12, 2012, the Court finds that Plaintiff has failed to allege a claim for violation of the Real Estate Settlement

---

[13]*Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

[14]*Gaines*, 292 F.3d at 1224.

[15]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

[16]*Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

Procedures Act ("RESPA").[17]  Furthermore, the Court notes that Plaintiff has not alleged that any of the BAC Defendants were involved in the origination of the loan, therefore, the BAC Defendants could not have been involved in the conduct Plaintiff alleges constitutes a violation of RESPA.  For these reasons, the Court will grant the BAC Defendants' Motion as to Plaintiff's RESPA claim.

B.      TILA

Plaintiff's second cause of action is brought pursuant to 15 U.S.C. § 226, commonly referred to as the Truth In Lending Act ("TILA").  Plaintiff's TILA claim fails on several grounds.  First, as indicated above, none of the BAC Defendants are alleged to have been involved in the loan origination process.  The loan origination process is where a violation of TILA would usually occur.

Next, to the extent any of the BAC Defendant's may have been involved in the lending process, Plaintiff's TILA claim is time-barred by the applicable statute of limitations.[18]  "An action for damages under TILA must be filed 'within one year from the date of the occurrence of the violation.'"[19]  "The statute of limitations . . . runs from the time the consumer credit

---

[17]*See* Docket No. 38, at 5-7.

[18]*See Estrada v. Aurora Loan Servs., LLC*, 2010 WL 4869093, at *2 (D. Utah Nov. 23, 2010).

[19]*Id*. (citing 15 U.S.C. § 1640(e)).

transaction was consummated."[20]  Here, the refinance loan was consummated in July of 2003. Thus, the filing of this action falls well without the statute of limitations.[21]

Furthermore, to the extent Plaintiff seeks recession under TILA, "a borrower's right to rescind expires three years after the date of the consummation of the transaction."[22]  This three year statute of limitations period "is not a statute of limitations, but a statute of repose, meaning that the right is extinguished after the three-year period passes and is not subject to equitable tolling."[23]  Thus, any rescission claim raised by Plaintiff is similarly barred.

C.     UCC

Plaintiff alleges that Defendants' actions in foreclosing on the Orem property violated Article 9 of the Universal Commercial Code ("UCC").  Specifically, Plaintiff alleges that "Defendants discriminatorily failed to acquire a UCC-1 lien and failed to provide papers for the borrower to sign acknowledging receipt of said notice of the UCC-1 lien."[24]  This Court has previously held that Article 9 of the UCC does not apply to nonjudicial foreclosures.[25]  Therefore, the Court will dismiss Plaintiff's claims premised on Article 9 of the UCC.

---

[20]*Id*. (citing *Stevens v. Rock Springs Nat'l Bank*, 497 F.2d 307, 309 (10th Cir.1974)).

[21]The Court would also note that Plaintiff has failed to allege any facts providing a basis for the applicable statute of limitations to be tolled.

[22]*Id.* (citing 15 U.S.C. § 1635(f)).

[23]*Id*. (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998)).

[24]Docket No. 1, at 8.

[25]*See Koyle v. Wells Fargo Bank Minn., N.A.*, 2012 WL 627673, at *4 (D. Utah Feb. 24, 2012) (citing *Marty v. Mortg. Elec. Registration Sys.*, 2010 WL 4117196 (D. Utah Oct. 19, 2010)).

D.     FUNDING OF THE LOAN

Paragraphs twenty-two through twenty-five of Plaintiff's Complaint contain various conclusory allegations that Defendants have breached their contract with Plaintiff, violated their charter, and improperly used Defendant's credit.  In a puzzling twist of logic, Plaintiff argues that because Defendants allegedly used the promissory note to obtain credit to fund the loan to Plaintiff, the loan originator provided no funds and, thus, the contract between Plaintiff and Defendants lacked any consideration.

Pursuant to the refinance loan on the Orem property Plaintiff was to receive $100,000.  Plaintiff does not allege that he did not receive the $100,000 benefit of the refinance loan.  Nonetheless, Plaintiff takes issue with the method by which Defendants obtained the $100,000 that was provided to him.  The Court finds that the $100,000 Plaintiff received constitutes adequate consideration to support a binding contract.

Furthermore, Plaintiff has failed to plead any facts that would support a claim that Defendants have violated their charter or improperly used his credit.  Therefore, the Court will dismiss Plaintiff's claim for violations in the funding of the loan as a matter of law.

E.     SPLIT-NOTE THEORY

Plaintiff alleges that Defendant MERS violated its fiduciary duty by separating the Deed of Trust from the promissory note.  Plaintiff's claim against MERS is a recitation of what has been labeled the "split-note theory."  The typical complaint in these type of cases alleges that the foreclosing promissory note was split from the deed of trust through securitization, thereby invalidating both the note and the deed of trust, and entitling the plaintiff to the property clear of

all competing interests.[26] In rejecting such claims, this Court has held that this "split-note" theory is contrary to the well-settled principle that "[t]he transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter."[27]

Moreover, the Tenth Circuit and Utah Court of Appeal have both recently rejected nearly identical arguments under substantially similar circumstances.[28] Based on this precedent, the Court will dismiss Plaintiff's split-note claim against Defendant MERS.

F.  HOEPA

Plaintiff's next claim is for recovery under the Home Ownership Equity Protection Act ("HOEPA"). According to Plaintiff, under HOEPA the trustee cannot foreclose without paying the vested interest of the mortgagor. Plaintiff claims over $100,000 in protected equity in the Orem property.

"In order for HOEPA to be applicable, the annual percentage rate at consummation of the transaction must exceed by more than 10 percentage points the yield on comparable Treasury securities or the total points and fees paid by the borrower at or before closing must exceed the

---

[26] *See, e.g.*, *Witt v. CIT Group/Consumer Finance Inc.*, 2010 WL 4609368, at *3-4 (D. Utah Nov. 5, 2010).

[27] *Carpenter v. Longan*, 83 U.S. 271, 275 (1872).

[28] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*,---F.3d ---- , 2011 WL 6739431 (10th Cir. Dec. 23, 2011) (citing *Commonwealth Prop. Advocates v. Mortg. Elec. Registration Sys., Inc.*, 263 P.3d 397, 399 (Utah Ct. App.), *cert. denied*, 268 P.3d 192 (Utah 2011)).

greater of 8 percent of the total loan amount or $400."[29]  None of these situations is present here, therefore, HOEPA is inapplicable.

G.     UTAH FORECLOSURE STATUTES

Plaintiff alleges a number of technical violations of Utah foreclosure statutes that he asserts require cancellation of the foreclosure sale and quiet title of the property in his favor. Specifically, Plaintiff alleges Defendants have failed to comply with Utah Code Ann. § 57-1-26(1)(A) and Utah Code Ann. § 57-1-24(2)-(3) by failing to provide notice of default by certified mail and allowing ninety days to pass before issuing a notice of sale.

The BAC Defendants request that the Court take judicial notice of various documents intended to demonstrate that the foreclosing entities did indeed comply with the Utah foreclosure statutes.[30]  Plaintiff has not disputed the authenticity of the documents provided by the BAC Defendants and said documents are referenced in Plaintiff's Complaint.  Thus, the Court will consider the documents provided by the BAC Defendants.

After review of the aforementioned documents, the Court finds that notice of default was provided to Plaintiff by certified mail and ninety days passed between the time of recording of notice of default and the publication of notice of sale.  Based on this finding, the Court will dismiss Plaintiff's claim for violation of the Utah foreclosure statutes.

---

[29]*Swenson v. Nat'l City Mortg. Co.*, 2009 WL 793004, at *3 (D. Utah Mar. 23, 2009) (citing 15 U.S.C. § 1602(aa)(1)).

[30]*See* Docket No. 12 Exs. 4-6.  The Court notes that the documents provided by the BAC Defendants include the recorded notice of default, proof of certified mail to Plaintiff, and copies of the published notice indicating the publishing dates of April 29, May 6, and May 13, 2011.

H.     FDCPA

Plaintiff next alleges Defendants have violated the Fair Debt Collection Practices Act[31] ("FDCPA") by not "validating" the debt. Plaintiff's FDCPA claim fails on several grounds. First, Plaintiff's FDCPA claim is based on the assumption that the debt being foreclosed upon is invalid because the originator of the loan did not provide valid consideration. The Court rejected this argument in a preceding claim, finding that adequate consideration was provided in the form of the $100,000 loan.

Additionally, this Court has previously rejected similar claims under the FDCPA. In *Maynard v. Cannon*,[32] the Court held that non-judicial foreclosure under a deed of trust falls outside of the FDCPA's general provisions regarding debt collection.[33] Subsequently, in *Swenson v. National City Mortgage Co.*, the Court held that a foreclosing trustee was not a "debt collector" and, therefore, was not subject to the FDCPA.[34]

In sum, Plaintiff's FDCPA claim must fail because adequate consideration was provided under the refinance loan, the BAC Defendants are not "debt collectors," and the non-judicial foreclosure of the Orem property is not subject to the general provisions of the FDCPA.

---

[31] 15 U.S.C. §§ 1692 et seq.

[32] 650 F. Supp. 2d 1138 (D. Utah 2008), *aff'd*, 401 F. App'x. 389 (10th Cir. 2010).

[33] *Id.* at 1142.

[34] *See Swenson*, 2009 WL 793004, at *3.

I. FCRA

Plaintiff's last cause of action is for violation of the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that "Defendants falsely reported negative reports to the 3 major credit bureaus for the last 8 months for an improperly obtained debt from the Plaintiff."[35] According to Plaintiff, "Defendants did not report to the credit bureaus that this alleged debt was disputed as required by the FCRA."[36]

The "FCRA requires one who furnishes information to credit reporting agencies to (1) 'provide accurate information; and (2) to undertake an investigation upon receipt of notice of dispute regarding credit information that is furnished.'"[37] "[T]he plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed."[38]

Here, Plaintiff fails to allege that he contacted the credit reporting agencies to dispute the credit reporting. Nor does Plaintiff allege that said reporting agencies notified Defendants that the debt was disputed. Instead, Plaintiff's claim contains only the conclusory allegation that Defendants falsely reported negative reports for an improperly obtained debt after Plaintiff

---

[35] Docket No. 1, at 17.

[36] *Id*.

[37] *Kee v. Fifth Third Bank*, 2009 WL 735048, at *12 (D. Utah Mar. 18, 2009) (citing *Downs v. Clayton Homes, Inc.*, 88 F. Appx. 851, 853 (6th Cir. 2004)).

[38] *Id.* (citing *Downs*, 88 F. Appx. at 853-54).

notified Defendants that he was disputing the debt.[39]  In sum, Plaintiff fails to allege facts sufficient to maintain a claim under the FCRA.

J.    DAMAGES

In a separate claim, Plaintiff seeks an award of $1,883,724.00 in damages and clear title to the Orem property.  Because the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Court will decline to grant Plaintiff damages or quiet title to the Orem property in his favor.

IV.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the BAC Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 10) is GRANTED.  The Clerk of Court is instructed to close this case forthwith.

DATED   April 9, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[39] *See* Docket No. 1, at 17.  The notice Plaintiff allegedly sent was in the form of "Qualified Written Requests."  Plaintiff sent these requests pursuant to his FDCPA claim, seeking to have Defendants "validate the debt."